UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA,
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA KARAS, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | _____ |
| NATIONAL GYPSUM SERVICES | ) | |
| COMPANY | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

COMES NOW, Plaintiff Lisa Karas ("Plaintiff" or "Karas"), and brings this Complaint of sex discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), as follows:

## **JURISDICTION, VENUE, AND PARTIES**

1.

This Court has subject matter jurisdiction over Plaintiff's claims, which turn on questions of federal law. 28 U.S.C. § 1331.

2.

Plaintiff has exhausted her administrative remedies with respect to her Title VII claims by timely filing a charge of discrimination with the Equal Employment

Opportunity Commission (EEOC). EEOC has issued a notice of Right to Sue ("RTS") with respect to her charge, and this action is timely filed within 90 days of receipt of the RTS.

3.

Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, because the events giving rise to this Complaint occurred therein and all parties reside therein.

4.

Karas is a woman. At all times relevant to this Complaint, she was a resident of Gwinnett County, Georgia, which is in this district and division. At all times relevant to this Complaint, Karas was an employee of Defendant National Gypsum Services Company ("Defendant" or "National Gypsum").

5.

National Gypsum is a Delaware corporation conducting substantial business in Georgia. National Gypsum is in the business of manufacturing wallboard, as well as interior fixing products, such as joint compounds and texture products, for use in construction. National Gypsum operates a manufacturing plant at 1541 Buford Highway, Duluth, Gwinnett County, Georgia (the "Duluth plant"), which is in this district and division. National Gypsum is an "employer" for purposes of

- 2 -

Title VII and employs in excess of 500 employees. National Gypsum may be served with the summons and complaint by personal service upon its registered agent in Georgia, Corporation Service Company, 40 Technology Parkway South, # 300, Norcross, Georgia, 30092.

## FACTS

6.

Karas began her employment with National Gypsum on October 3, 2006, as an hourly administrative assistant at the Duluth plant. On April 4, 2007, Karas was promoted to "Plant Administrator II" as a salaried employee. In this capacity, Karas functioned as the Office Manager and Human Resources Coordinator for the Duluth plant.

7.

In mid-September 2008, Todd Mascioli ("Mascoili"), who had recently been promoted to Plant Manager of the Duluth plant, told Karas that he did not believe Karas was being "tough enough" on the employees. Mascoili stated to Karas, "we really need to get a man into this position."

8.

On October 7, 2008, Mascioli terminated Karas.

9.

Mascioli replaced Karas with Joe Millar, who is male.

10.

Mascioli told Karas that he was terminating her for improperly requesting reimbursement on a company expense report for roughly $210 in food and lodging expenses associated with a mandatory company training seminar that Karas attended on August 20 and 21, 2008, in Charlotte, North Carolina. Mascioli also told Karas that he was terminating her for dropping off a rental car that the company had provided her to travel to the seminar one day late.

11.

Mascioli told Karas that the $210 in charges had been excessive because her husband had accompanied her on the trip, and meal and lodging charges attributable to him had not been approved. However, this rationale was false and a pretext for discrimination: Karas had specifically sought and received approval from Mascioli prior to the trip to Charlotte for her husband to accompany her and for her to pay for her husband's meal and lodging expenses with the company expense account. In addition, Mascioli had instructed Karas to drop off the rental car on the day she actually dropped it off.

## LEGAL CLAIM
### Sex Discrimination

### 12.

By this reference, the previous paragraphs are incorporated as if fully set forth herein.

### 13.

Title VII prohibits an employer from taking adverse employment action against an employee on the basis of her sex.

### 14.

As shall be evidenced by the facts alleged herein as well as additional evidence developed during the course of discovery, the decision to terminate Karas was motivated in whole or in part by her sex.

### 15.

Pursuant to Title VII, Karas is entitled to recover all damages proximately resulting from her termination, in an amount to be determined by the enlightened conscience of the jury.

### 16.

Pursuant to Title VII, Karas is entitled to recover punitive damages due to the intentional and outrageous nature of Defendant's acts of discrimination.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A)    A trial by jury;

B)    An award of damages against Defendant to compensate Plaintiff for all injuries proximately resulting from the Defendant's wrongful actions, including back pay, front pay, and compensatory damages for emotional distress, in an amount to be determined by the enlightened conscious of the jury;

C)    An award of punitive damages against Defendant in an amount to be determined by the enlightened conscience of the jury in order to deter Defendant and those similarly situated from similar misconduct in the future;

D)    An award of attorney's fees and expenses of litigation as authorized under 42 U.S.C. §1988;

E)    An award of pre-judgment and post-judgment interest; and,

F)    Such other equitable and monetary relief as the Court deems just and proper.

Respectfully submitted.

James E. Radford, Jr.
State Bar No. 108007
Regan Keebaugh
State Bar No. 535500
*Counsel for Plaintiffs*

PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, Georgia 30309
Telephone:  (404) 873-8000
Facsimile:  (404) 873-8050
jradford@pcwlawfirm.com
rkeebaugh@pcwlawfirm.com