UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA KARAS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1:10-CV-2280-SCJ |
| | ) | |
| NEW NGC, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **PLAINTIFF'S REQUESTS TO CHARGE**

Plaintiff Lisa Karas respectfully submits the following Requests to Charge.

This January 22, 2013.

>*/s/ James E. Radford, Jr.*
>James E. Radford, Jr.
>Georgia Bar No. 108007
>*Counsel for Plaintiff*

James Radford, LLC
545 N. McDonough St.
Suite 212
Decatur, Georgia 30030
(678) 369-3609
james@jamesradford.com

## Request to Charge No. 1

### Consideration of The Evidence; Duty to Follow Instructions

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instruction to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Authority: *Eleventh Circuit Pattern Jury Instructions* (2005), 2.3.

## Request to Charge No. 2

## **Burden Of Proof**

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. Because this is a civil matter, and not a criminal matter, the Plaintiff is *not* required to prove her claims "beyond a reasonable doubt." She simply must show that a her claims are supported by a preponderance of the evidence.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

Authority: *Eleventh Circuit Pattern Jury Instructions* (2005), 6.1.

**Request to Charge No. 3**

**Credibility of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying on either side is not material. The testimony of one witness, including the Plaintiff, is sufficient to establish the material facts of the case.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Authority: *Eleventh Circuit Pattern Jury Instructions* (2005), 3.

**Request to Charge No. 4**

**Impeachment of Witnesses - Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail. Also, you should keep in mind that a witness's dishonesty in one instance does necessarily mean they are being dishonest in their testimony. You should evaluate a witness's truthfulness as to the particular matter on which he or she is testifying.

Authority: *Eleventh Circuit Pattern Jury Instructions* (2005), 4.1.

**Request to Charge No. 5**

<u>**Title VII**</u>
<u>**Gender Discrimination – Termination**</u>

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's gender.

More specifically, the Plaintiff claims that the Defendant terminated her in whole or in part because of her gender.

The Defendant denies that they discriminated against the Plaintiff.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>: That Defendant terminated her; and

<u>Second</u>: That the Plaintiff's gender was a substantial or motivating factor that prompted the Defendant to take that action.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's gender.

It is not necessary for the Plaintiff to prove that the Plaintiff's gender was the sole or exclusive reason for the Defendant's decision. It is sufficient if the

7

Plaintiff proves that gender was a determinative consideration that made a difference in the Defendant's decision.

<u>Authority</u>: *Eleventh Circuit Pattern Jury Instructions* (2005), 1.2.1

**Request to Charge No. 6**

**Title VII**
**Gender Discrimination – "Same Decision" Defense**

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of consideration of the Plaintiff's gender. If you find that the Plaintiff would have been dismissed for reasons apart from the Plaintiff's gender, then you will make that finding in your verdict.

Authority: *Eleventh Circuit Pattern Jury Instructions* (2005), 1.2.1

## Request to Charge No. 7

### Title VII
### Direct Evidence of Discrimination

Direct evidence of discrimination is evidence which reflects a discriminatory attitude correlating to the discrimination complained of by the employee. In other words, the evidence must indicate that the complained-of employment decision was motivated by the decision-maker's sexism.  Direct evidence is evidence that, if believed, establishes the fact of discrimination without further proof. If you find that remarks or behavior by the Defendant's decisionmaker in this case clearly indicate a sexist bias regarding Plaintiff's termination, no further evidence is needed to conclude that discrimination took place.

Authority: *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354 (11th Cir. 1999); *Taylor v. Runyon*, 175 F.3d 861, 867 (11th Cir. 1999)

## Request to Charge No. 8

### Circumstantial Evidence--Pretext

In weighing the evidence on Plaintiff's claims of discrimination you may determine whether Plaintiff has successfully shown that Defendants' stated reasons for the employment actions are a pretext for discrimination. That is, you may find the Defendants' stated reasons to be false, or, even if true, not the real reason for the employment decisions.

In employment law, a reason is a pretext when it is not the real reason for the Defendant's action.  Evidence of inconsistencies, contradictions, weaknesses, implausibility, or incoherencies in the employer's stated reason for its actions may demonstrate pretext.

If you find that the Defendant's explanations are a pretext, you may, but are not required to, conclude that Defendants, in making up a false explanation for their actions, are trying to conceal the true discriminatory reason.  Thus, if you determine that the reasons articulated by the Defendant to explain the actions in question were not the actual reasons, you would be authorized to conclude that discrimination more likely than not was a motivating factor in Defendants' actions.

   Authority: *Reeves v. Sanderson Prods., Inc.*, 530 U.S. 133, 146-47 (2000); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993); *Palmer v. Bd. of Regents*, 208 F.3d 969 (11th Cir. 2000); *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1998); *Howard v. BP Oil Co, Inc.*, 32 F.3d 520, 526 (11th Cir. 1994); *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 605 (11th Cir. 1994).

**Request to Charge No. 9**

**EEOC Determination Not Evidence of Non-Discrimination**

Part of the evidence in this case includes a document from the U.S. Equal Employment Opportunity Commission (EEOC) entitled "Dismissal and Notice of Rights." I instruct you that this is an administrative "file closing" by EEOC, and is not a finding that a violation of law did or did not occur. EEOC's administrative decision to "dismiss" the charge is in no way binding upon your decision today, nor is it an indication that Plaintiff's claim lacks merit. You have not heard testimony by the EEOC investigator as to why the agency declined to move forward with Plaintiff's charge of discrimination, and you should not make any inference against Plaintiff based upon EEOC's administrative dismissal.

## Request to Charge No. 10

## **Damages (Compensatory)**

If you find for the Plaintiff and against the Defendant, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible.  Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

14

  (a) Net lost wages and benefits to the date of trial;

  (b) Emotional pain and mental anguish;

  (c) Punitive damages, if any (as explained in the Court's instructions).

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.  It is the Defendants' burden to prove that the Plaintiff acted unreasonably by not seeking or accepting reasonably available employment opportunities.  In determining whether the Plaintiff acted unreasonably, you should consider whether the Plaintiff failed to seek or accept employment which was comparable to or of the same general character as the position he was denied, or alternatively, whether the Plaintiff acted reasonably in pursuing those employment opportunities which were reasonably available to him.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was comparable to the position he was denied and was

reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

Authority: *Eleventh Circuit Pattern Jury Instructions* (2005), 1.1.3, 1.2.1, and 1.3.1 (modified); *Ballard v. El Dorado Tire Co.*, 512 F.2d 901 (5th Cir. 1975); *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000); *Smith v. Am. Serv. Co. of Atlanta, Inc.*, 796 F.2d 1430 (11th Cir. 1986); WILLISTON ON CONTRACTS § 66:8.

## Request to Charge No. 11

## <u>Damages (Punitive)</u>

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and <u>for only that conduct</u>.  For example, you cannot assess punitive damages for the Defendant being a distasteful organization. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

      <u>Authority</u>:   *Eleventh Circuit Pattern Jury Instructions* (2005), Index to Supplemental Damages Instructions, 2.1 (modified).

## Request to Charge No. 12

## Attorney Fees and Court Costs

If you find for the Plaintiff, you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of the Plaintiff's damages.  The matter of attorney's fees and court costs will be decided later by the Court.

Authority: *Eleventh Circuit Pattern Jury Instructions* (2005), 6.1.

## CERTIFICATE OF SERVICE

I certify that on this day, I served the within and foregoing *Plaintiff's Revised Requests to Charge* on opposing counsel by filing same with the court's CM/ECF electronic filing system.

This January 22, 2013.

                                               */s/ James E. Radford, Jr.*
                                               James E. Radford, Jr.
                                               Georgia Bar No. 108007
                                               *Counsel for Plaintiff*

James Radford, LLC
545 N. McDonough St.
Suite 212
Decatur, Georgia 30030
(678) 369-3609
james@jamesradford.com